E-FILED
Tuesday, 30 June, 2026 07:32:48 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **DANIEL LAWRENCE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARENS HOGAN WALKER LLC d/b/a AHW,**<br><br>**Defendant.** | **Case:** 2:26-cv-02196<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Daniel Lawrence ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Arends Hogan Walker LLC d/b/a AHW ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. as amended ("ADA") seeking redress for Defendant's disability-based discrimination, failure to accommodate, disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") seeking redress for Defendant's interference of Plaintiff's rights under the FMLA and retaliation against Plaintiff for exercising his rights under the FMLA, and requesting and utilizing FMLA leave.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and this action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the ADA and FMLA have occurred or been complied with.

6. Plaintiff filed a charge of discrimination on the basis of disability-based discrimination, including retaliatory discharge, with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. Plaintiff, Daniel Lawrence, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Champaign County, Illinois.

10. Defendant, Arends Hogan Walker LLC d/b/a AHW, whose address is 2901 Research Rd, Champaign IL 61822-1080, is a corporation specializing in Lawn Service Tech. At all times material to the allegations in this Complaint, the Defendant was doing business in and for Champaign County, Illinois.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA , 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by the ADA and FMLA, and has been engaged in an industry affecting commerce within the meaning of42 U.S.C. §12111(5)(A).

**BACKGROUND FACTS**

13. Plaintiff was employed by Defendant as a Turf and Lawn Service Technician beginning in or around November, 2024, until his unlawful termination on or about April 16, 2026.

14. Plaintiff is an individual with a physical impairment that substantially limits one or more major life activities.

15. Plaintiff had been diagnosed with PTSD, depression, and anxiety.

16. These serious health conditions substantially limit Plaintiff's ability to concentrate, sleep, and manage stress.

17. These conditions require continuous care and treatment in order to manage them.

18. Plaintiff's PTSD, depression, and anxiety substantially limit his major life activities.

19. Plaintiff is "disabled" as defined by the ADA.

20. Regardless of Plaintiff's disability, he was qualified and able to perform the essential functions of his job, with or without reasonable accommodation.

21. Plaintiff is a "qualified individual" as defined under the ADA.

22. Plaintiff is a "eligible" employee as defined by the FMLA.

23. Plaintiff disclosed his medical conditions to his employer upon hire and throughout his employment.

24. Human Resources (HR) at Arends Hogan Walker LLC, including Cecilia Miller, Jamie Smith, and Josh Clark, were aware of Plaintiff's conditions.

25. Plaintiff's supervisor, James Dickinson, was aware of his medical conditions.

26. In or around January 2026, Plaintiff learned that his supervisor, James Dickinson, was discussing his personal medical matters with other employees.

27. Plaintiff was informed by his coworker, Dakota Stukens, that James Dickinson had shared Plaintiff's personal medical information with him and Kevin Augustine.

28. Plaintiff found it uncomfortable and inappropriate that his disabilities and medical information was being shared with other employees.

29. Plaintiff reported and complained of this breach of privacy to HR in or around January 2026.

30. In making this complaint, Plaintiff was engaging in protected activity.

31. The unwanted sharing of private medical information is harassment.

32. Despite Plaintiff's complaint, no follow-up was provided, and the conduct continued.

33. In or around mid-March 2026, Plaintiff experienced a flare-up of his mental health conditions resulting in an exacerbation of his symptoms.

34. During this time, Plaintiff used portions of his available accrued vacation time to manage his serious health condition.

35. Plaintiff, however, quickly realized that more time would be needed to stabilize his worsening medical condition.

36. In or around March, 2026, Plaintiff requested from Defendant's HR department FMLA paperwork to obtain the necessary time off to care for his medical conditions.

37. In making this request, Plaintiff was requesting a reasonable accommodation for his disabilities under the ADA and engaging protected activity under the FMLA.

38. Plaintiff submitted the completed FMLA paperwork to his doctor's office between approximately March 23, 2026, and March 25, 2026.

39. On or about March 24, 2026, Defendant formally initiated the FMLA process and confirmed Plaintiff's eligibility for FMLA leave.

40. Defendant required Plaintiff to submit the FMLA certification by April 13, 2026.

41. Prior to the certification deadline, Plaintiff followed up with his doctor's office.

42. Plaintiff was informed by his doctor's office that they had lost his FMLA paperwork.

43. Plaintiff immediately took steps to have the FMLA paperwork resubmitted by his doctor's office.

44. Plaintiff simultaneously communicated to HR that the delay in submitting the FMLA paperwork was due to the doctor's office and was out of his control.

45. On or about April 16, 2026, just three days after the FMLA certification deadline, Plaintiff was terminated from his position.

46. The termination was carried out by Laine Frazee, an area manager who had been at the location for approximately two and a half weeks.

47. Laine Frazee had little familiarity with Plaintiff or his work performance.

48. During the termination meeting, Plaintiff explained that his FMLA paperwork was still pending due to the doctor's office's mistake.

49. Plaintiff informed Laine Frazee that he was actively working to resubmit the FMLA paperwork.

50. Laine Frazee responded that Plaintiff's pending FMLA paperwork "did not matter" and terminated him for "performance."

51. At the time of termination, there had been no progressive discipline in Plaintiff's employment.

52. Plaintiff was not given a verbal warning, written warning, or suspension as required by Defendant's policies.

53. Plaintiff was informed that his annual review, given to all employees, would be treated as a form of discipline.

54. Plaintiff's termination violated Defendant's progressive discipline policy.

55. Plaintiff was removed from the two-year Veteran Agricultural Technician training program upon his termination.

56. Defendant's stated reason for termination was pretextual as Plaintiff was terminated because of his disability, because he requested a reasonable accommodation, and because of Plaintiff's application for FMLA leave.

57. As part of the training program, Plaintiff had been provided with tools and a toolbox.

58. After his termination, Plaintiff had his tools and toolbox, which had been provided through the program, taken from his possession.

59. Plaintiff was terminated in retaliation for requesting FMLA leave.

60. Defendant interfered with Plaintiff's FMLA rights by terminating him while his FMLA certification was still pending

61. Defendant retaliated against Plaintiff after Plaintiff filed and was accepted for FMLA medical leave.

62. In terminating Plaintiff while his FMLA certification was pending, Defendant failed to engage in an interactive process to find a reasonable accommodation for Plaintiff.

63. Defendant ignored its own company policies in regards to Plaintiff.

64. On information and belief, those outside of Plaintiff's protected class (non-disabled) were not subjected to the same treatment by Defendant as Plaintiff was.

65. Plaintiff was subjected to harassment and discrimination based on his disability, as evidenced by the violations to Plaintiff's private medical records, and denial of FMLA, confiscation of his tools, termination, and denial od accommodations.

66. Plaintiff was subjected to adverse employment actions, including termination, due to his disability.

67. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff complained of his private medical information being shared and request for reasonable accommodation.

68. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT I
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

69. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

70. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

71. Plaintiff met or exceeded performance expectations.

72. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

73. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

74. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

75. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

76. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

78. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

79. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

80. Defendant knew or should have known of the disability-based harassment.

81. The disability-based harassment was severe or pervasive.

82. The disability-based harassment was offensive subjectively and objectively.

83. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

84. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

85. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

86. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

87. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

88. Plaintiff is a qualified individual with a disability.

89. Defendant was aware of the disability and the need for accommodations.

90. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

91. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

92. Defendant did not accommodate Plaintiff's disability.

93. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

94. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

95. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

96. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

97. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

98. During Plaintiff's employment with Defendant, Plaintiff requested accommodations and reported disability-based harassment.

99. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

100. In response to Plaintiff's complaint, Defendant failed to conduct a thorough and objective investigation of Plaintiff's complaint of disability-based discrimination.

101. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

102. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff for requesting accommodations and reporting disability-based harassment, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

103. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

104. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

105. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and

has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

106. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

107. Beginning in or around March 2026, Plaintiff became eligible for FMLA leave.

108. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious health conditions, which required Plaintiff to take time away from work.

109. Defendant controlled Plaintiff's work schedule and conditions of employment.

110. Plaintiff provided enough information for his employer to know that Plaintiff's potential leave may be covered by the FMLA.

111. Defendant interfered with Plaintiff's rights under the FMLA when Plaintiff's use of FMLA leave resulted in harassment and termination, that prevented him from freely taking FMLA leave as desired.

112. Defendant acted in willful and reckless disregard of Plaintiff's protected rights by intentionally interfering with Plaintiff's use of FMLA leave.

113. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

114. Plaintiff repeats and re-alleges paragraphs 1-68 as if fully stated herein.

115. Defendant terminated Plaintiff after Plaintiff requested used intermittent FMLA leave.

116. Defendant terminated Plaintiff because he requested and began to apply for FMLA leave as described above.

117. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for taking leave for medical reasons.

118. Plaintiff's taking medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

119. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

H. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of June, 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ Sophia K. Steere**
**SOPHIA K. STEERE ESQ.**
Ky Bar No.: 100481
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*