E-FILED
Tuesday, 30 June, 2026 07:32:49 PM
Clerk, U.S. District Court, ILCD

# Exhibit B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/29/2026

**To:** Daniel Lawrence
[redacted]

Charge No: 440-2026-06764

EEOC Representative and email: IRMA QUINTERO-BUENO
INVESTIGATOR
IRMA.QUINTERO-BUENO@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2026-06764.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
06/29/2026

Amrith Kaur Aakre
District Director

**Cc:**
NA NA
2901 Research Road
Champaign, IL 61822

J Clark
Arends Hogan Walker LLC dba AHW
2901 Research Road
Champaign, IL 61822

Cecilia Miller
cmiller@ahwllc.com

Sheri A Mercier
O'Hagan Meyer, LLC
One East Wacker Drive Suite 3400
Chicago, IL 60601

Nate Stone
O'Hagan Meyer, LLC
One East Wacker Drive Ste. 3400
Chicago, IL 60601

Nathan C Volheim Esq.
Sulaiman Law Group Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2026-06764 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2026-06764 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **“episodic”** (e.g., epilepsy, depression, multiple sclerosis) or **“in remission”** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**“Regarded as” coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- “Regarded as” coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a “regarded as” claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the “regarded as” definition of “disability.”

***Note:*** *Although the amended ADA states that the definition of disability “shall be construed broadly” and “should not demand extensive analysis,” some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability*. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.